
**EXHIBIT A**

| STATE OF NORTH CAROLINA | File No. 17CV6954 |
|---|---|
| WAYNE County | In The General Court Of Justice ☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| WENDY G. CARROLL, ADMINISTRATOR OF THE ESTATE OF THOMAS ANTHONY CARROLL, DECEASED | **CIVIL SUMMONS** |
| Address | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| OAKLEY TRUCKING, INC. AND THAD AUSTIN PITTMAN | |
| | Date(s) Subsequent Summon(es) Issued |

**To Each of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| OAKLEY TRUCKING, INC.<br>c/o Dennis B. Oakley, President and Reg. Agent<br>3700 Lincoln Avenue<br>North Little Rock, AR 72114 | To be served by Sheriff |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| GUY W. CRABTREE<br>CRABTREE, CARPENTER & CONNOLLY, PLLC<br>1011 BROAD STREET<br>DURHAM, NC 27705 | 6-12-17 | 11:01 ☒ AM ☐ PM |
| | Signature Nora Aycock | |
| | ☐ Deputy CSC ☒ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts                    (Over)

| STATE OF NORTH CAROLINA | File No. 17CVS954 |
|---|---|
| WAYNE County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff<br>WENDY G. CARROLL, ADMINISTRATOR OF THE ESTATE OF THOMAS ANTHONY CARROLL, DECEASED | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
|---|---|
| Address | |
| City, State, Zip | G.S. 1A-1, Rules 3 and 4 |
| **VERSUS** | Date Original Summons Issued |
| Name Of Defendant(s)<br>OAKLEY TRUCKING, INC. AND THAD AUSTIN PITTMAN | Date(s) Subsequent Summon(es) Issued |

### To Each of The Defendant(s) Named Below:

| Name And Address Of Defendant 1<br>THAD AUSTIN PITTMAN<br>215 East Twin Oaks Ln<br>Carriere, MS 39426 | Name And Address Of Defendant 2<br>To be served by Sheriff |
|---|---|

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>GUY W. CRABTREE<br>CRABTREE, CARPENTER & CONNOLLY, PLLC<br>1011 BROAD STREET<br>DURHAM, NC 27705 | Date Issued 6-12-17 | Time 11:01 ☒ AM ☐ PM |
|---|---|---|
| | Signature Nora Aycock | |
| | ☐ Deputy CSC ☒ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts
(Over)

| | | RETURN OF SERVICE | |
|---|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative of the Courts

NORTH CAROLINA
WAYNE COUNTY

FILED
2017 JUN 12 AM 11: 02
WAYNE COUNTY, C.S.C.
BY _____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 17CV&954

WENDY G. CARROLL, ADMINISTRATOR
OF THE ESTATE OF THOMAS ANTHONY
CARROLL, DECEASED,

PLAINTIFF,

v.

OAKLEY TRUCKING, INC., AND
THAD AUSTIN PITTMAN,

DEFENDANTS.

COMPLAINT
(Wrongful Death)

The Plaintiff, complaining of the Defendants, alleges and says as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Wendy G. Carroll is a resident of Wayne County, North Carolina.

2. Plaintiff Wendy G. Carroll was duly appointed Administrator of The Estate of Thomas Anthony Carroll by the Clerk of The Superior Court of Wayne County, North Carolina in Estate File 16-E-426.

3. Plaintiff is acting in her capacity as Administrator pursuant to Chapter 28A of the General Statutes of North Carolina in the institution and prosecution of this action.

4. Pursuant to N.C.G.S. § 7A-243 this court has jurisdiction over this matter in that the amount of damages sought by Plaintiff exceeds $25,000.00.

5. Pursuant to N.C.G.S. § 1-82, venue is proper in Wayne County, North Carolina.

{CCC:00189710.DOCX }

6. Upon information and belief, Defendant Oakley Trucking, Inc. is a duly organized Arkansas corporation with its principal offices located at 3700 Lincoln Avenue, North Little Rock, Arkansas and is doing business as Oakley Trucking (hereinafter "Oakley Trucking").

7. Upon information and belief, Oakley Trucking does business in North Carolina and other states as a local and long distance freight carrier and trucking company.

8. Upon information and belief, Defendant Thad Austin Pittman (hereinafter "Pittman") is a resident of Carriere, Mississippi.

9. At all times pertinent hereto, Defendant Oakley Trucking was a "motor carrier" within the meaning of the Federal Motor Carrier Safety Regulations promulgated by the United States Department of Transportation and was subject to, and operating under, the jurisdiction of those regulations and the laws, rules and regulations of the various states in which it does business.

10. Upon information and belief and at all times pertinent hereto, Defendant Pittman was a commercially licensed truck driver and, as such, was required to comply with the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR") and the laws of the United States and the State of North Carolina.

## GENERAL ALLEGATIONS

11. On the afternoon of Wednesday, May 4, 2016 at approximately 2:50 pm, the deceased, Thomas Anthony Carroll was operating a Honda motorcycle in an easterly direction on a road that led to certain grain silos and offices at Case Farms Feed Mill in Duplin County, North Carolina.

12. At the above described time and location, the above-described road was a straight roadway, was approximately 24.1 feet wide and provided for the passing of vehicles and vehicular travel in both directions.

13. At the above described time and place, and at all times pertinent hereto, Defendant Pittman was operating a Peterbilt tractor and pulling a trailer in a generally easterly direction on the above-describe road in Duplin County, North Carolina and in front of the Honda motorcycle which was being operated by Thomas Anthony Carroll.

14. Upon information and belief and just prior to the collision which will be described below, Defendant Pittman had just started pulling off from a stopped position in a small parking lot on the right-hand side of the above-described road.

15. Upon information and belief, at all times pertinent hereto, the Peterbilt tractor and/or trailer described above was either leased by or hired by Defendant Oakley Trucking for the use in, and the conducting of, Defendant Oakley Trucking's business as a freight carrier.

16. Upon information and belief, at all times pertinent hereto, the Peterbilt tractor and/or trailer described above was owned by Defendant Pittman for the use in, and the conducting of, his business as a freight carrier; and the Peterbilt tractor and/or trailer described above was leased to or hired by Defendant Oakley Trucking.

17. At all times pertinent hereto, and upon information and belief, Defendant Pittman was operating the above described tractor-trailer with the express permission and consent of Defendant Oakley Trucking as either an employee and/or an agent of Defendant Oakley Trucking.

18. At all times pertinent hereto, Defendant Pittman was employed by or hired by Oakley Trucking as a commercial truck driver and was operating the above described tractor-trailer

{CCC:00189710.DOCX }3

within the course and scope of his employment as a commercial truck driver and employee or agent of Defendant Oakley Trucking.

19. In the alternative, at all times pertinent hereto, Defendant Pittman was an owner/operator of the tractor and/or trailer described above and which was leased to Defendant Oakley Trucking and Defendant Pittman was operating the tractor trailer pursuant to a lease agreement with Oakley Trucking and as its agent.

20. At all times pertinent hereto, and as Thomas Anthony Carroll was operating his Honda motorcycle along the above-described road and was passing the tractor-trailer being operated by Defendant Pittman, Defendant Pittman drove the tractor-trailer he was operating over onto the left side of the road and into the path of the Honda motorcycle being operated by Thomas Anthony Carroll and caused a collision between the tractor-trailer and Thomas Anthony Carroll's Honda motorcycle.

21. The point of collision of the tractor-trailer and the Honda Motorcycle as described above occurred on the left side of the above-described road.

22. As a result of the above-described collision and negligent actions of Defendant Pittman Thomas Anthony Carroll was thrown from the Honda motorcycle, under the rear tires of the trailer, and was run over and killed.

23. The negligence of Defendant Pittman was a direct and proximate cause of the above described collision, the death of Thomas Anthony Carroll and the ensuing damage suffered by the heirs of Thomas Anthony Carroll.

## ALLEGATIONS OF NEGLIGENCE

{CCC:00189710.DOCX }4

24. At all times pertinent hereto, Defendant Pittman owed a duty to the public in general and Thomas Anthony Carroll specifically, to operate his motor vehicle in a manner that was reasonable and safe, to abide by the applicable motor vehicle laws, and to exercise due care so as to avoid injury to others and especially Thomas Anthony Carroll.

25. At all times pertinent hereto, Defendant Pittman breached the aforesaid duty of due and reasonable care in that he negligently operated his motor vehicle as outlined below.

26. At the above described time and place, Defendant Pittman was negligent in that he failed to keep the tractor-trailer he was operating under proper control.

27. At the above described time and place, Defendant Pittman was negligent in that he failed to operate the tractor-trailer in a safe and lawful manner.

28. At the above described time and place, Defendant Pittman was negligent in that he failed to keep a proper lookout for other motor vehicles traveling on the streets and highways and especially the Honda motorcycle being driven by Thomas Anthony Carroll.

29. At the above described time and place, Defendant Pittman was negligent in that he failed to drive the tractor-trailer he was operating in the proper lane of travel and on the right half of the roadway in violation of N.C.G.S. § 20-146 and various Federal Laws.

30. At the above described time and place, Defendant Pittman was negligent in that he failed to yield the right-of-way to Thomas Anthony Carroll.

31. At the above-described time and place Defendant Pittman was negligent in that he drove the tractor-trailer he was operating in such a manner as to deprive Thomas Anthony Carroll's Honda motorcycle of the full use of the lane to which it was entitled in violation of N.C.G.S. § 20-146.1 and various Federal Laws.

32. At the above described time and place, Defendant Pittman was negligent in that he failed to see, before driving the tractor trailer he was operating over into the left lane of travel, that the movement could be made safely.

33. At the above described time and place, Defendant Pittman was negligent in that he failed to avoid a collision with the motorcycle being operated by Thomas Anthony Carroll, and could have avoided that collision had he operated his motor vehicle in a reasonable manner, exercising due care.

34. At the above described time and place, Defendant Pittman was negligent in that he drove the tractor trailer he was operating in such a manner as to cause the Honda motorcycle to leave the paved roadway and to cause a collision between the tractor trailer and the Honda motorcycle that was being operated by Thomas Anthony Carroll.

35. The negligence of Defendant Pittman as described herein is imputed to his employer or principal, Defendant Oakley Trucking, in its capacity as Defendant Pittman's employer or principal.

36. At the above described time and place, the Defendants were negligent in other ways that may be revealed in discovery.

## DAMAGES

37. As a direct and proximate result of the above-described negligence and violations of the various general statutes, and Federal laws, and the ensuing injury and death of Thomas Anthony Carroll, his next of kin have been deprived of his services, protection, care and assistance, together with his society, companionship, comfort, guidance, kindly offices, and advice.

38. This action is brought pursuant to the Wrongful Death Act of North Carolina and other applicable North Carolina laws in effect on the date of the death of Thomas Anthony Carroll; and this action is for all damages resulting from the unlawful and wrongful death of Thomas Anthony Carroll, as herein above alleged, and as set forth in detail in said Wrongful Death Act, the terms and provisions of which are incorporated herein by reference as though fully set out herein and which include the following:

(a) Hospital, medical and ambulatory expenses incident to the injury resulting in death;

(b) Compensation for pain and suffering of the deceased;

(c) The present monetary value of the decedent to the persons entitled to receive the damages recovered, including, but not limited to, compensation for the loss of the reasonably expected:

(i) Net income of the deceased,

(ii) Services, protection, care and assistance of the deceased, whether voluntary or obligatory to the persons entitled to the damages recovered, and

(iii) Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered.

39. At the time of his death, Thomas Anthony Carroll was forty-three (43) years of age, in good health, and had good work habits.

40. At the time of his death, Thomas Anthony Carroll was a full time employee of Case Farms Feed Mill.

41. At the time of his death, Thomas Anthony Carroll was survived by his four (4) children, to wit:

Seth Carroll, age 18;
Rebekah Carroll, age 17;
Hannah Carroll, age 15; and
Sarah Carroll, age 13.

WHEREFORE, Plaintiff respectfully prays this Court for the following relief:

1. That Plaintiff have and recover of the Defendants, jointly and severally, damages in excess of Twenty-Five Thousand Dollars ($25,000.00) for the loss of their father;

2. That the cost of this action be taxed against the Defendants;

3. For such other and further relief to which Plaintiff may be entitled and which this Court deems just and proper.

[Signatures appear on the following page.]

This the __8 TH__ day of June, 2017.

CRABTREE, CARPENTER & CONNOLLY, PLLC
Attorneys for Plaintiff

BY: *Guy W. Crabtree*
GUY W. CRABTREE
State Bar No. 8234
gwc@cccattorneys.com
1011 Broad Street
Durham, North Carolina 27705
Telephone: (919) 682-9691
Facsimile: (919) 688-9107

THE JERNIGAN LAW FIRM
Attorneys for Plaintiff

By: LEONARD T. JERNIGAN BY *Guy W. Crabtree*
LEONARD T. JERNIGAN, JR.
State Bar No. 7180
ltj@jernlaw.com
KRISTINA B. THOMPSON
State Bar No. 38053
kbt@jernlaw.com
3105 Glenwood Avenue
Suite 300
Raleigh, North Carolina 27612
Telephone: (919) 833-0299
Facsimile: (919) 256-2595

{CCC:00189710.DOCX }9