UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No. 5:17-CV-00357

| | |
|---|---|
| WENDY G. CARROLL, ADMINISTRATOR OF THE ESTATE OF THOMAS ANTHONY CARROLL, DECEASED,<br><br>Plaintiff,<br><br>vs.<br><br>OAKLEY TRUCKING, INC., AND THAD AUSTIN PITTMAN,<br><br>Defendants. | **EXHIBIT A-1<br>TO<br>PLAINTIFF'S MOTION TO<br>APPROVE SETTLEMENT** |

**Take Notice: this document supplements Exhibit A (document #84-2) to Plaintiff's Motion to Approve Settlement (document #84)**

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into and executed by:

1. "Plaintiff" Wendy G. Carroll, Administrator of the Estate of Thomas Anthony Carroll, Deceased;

2. "Claimants" Rebekah Carroll, Hannah Carroll, and Seth Carroll, surviving Children of Thomas Anthony Carroll, Deceased, and Wendy G. Carroll as Mother and Guardian ad Litem for S▬ C▬, a surviving minor child of Thomas Anthony Carroll, Deceased; and

3. "Insurers" Lexington Insurance Company and Protective Insurance Company.

Plaintiff, Claimants, and Insurers shall be referred to collectively as the Parties. The Effective Date of this Settlement Agreement shall be in accordance with section 16 below.

As used herein, the term "Defendants" shall be used collectively to refer to Oakley Trucking, Inc. ("Oakley") and Thad Austin Pittman ("Mr. Pittman").

## RECITALS

A. WHEREAS, on May 4, 2016, Thomas Anthony Carroll ("Mr. Carroll") died in a motorcycle accident involving an Oakley tractor-trailer driven by Mr. Pittman at the Case Farms Feed Mill in Duplin County, North Carolina ("Accident"). At the time of his death, Mr. Carroll was employed by Case Farms, Inc. ("Case Farms").

B. WHEREAS, Case Farms is self-insured for workers' compensation purposes, has accepted the workers compensation death claim of Mr. Carroll, and has paid and will continue to pay workers compensation benefits to the Claimants pursuant to the North Carolina Workers' Compensation Act.

C. WHEREAS, Plaintiff is a duly qualified and appointed Administrator of the Estate of Thomas Anthony Carroll by the Clerk of Superior Court of Wayne County, North Carolina. On June 12, 2017, Plaintiff initiated a civil action against the Defendants in the Superior Court Division of the General Court of Justice of Wayne County, North Carolina, which action bears file number 17 CVS 954 (the "Civil Action"). In the Complaint, Plaintiff alleged that Defendants were negligent in connection with the Accident and sought to recover monetary damages on behalf of Claimants (but not for herself). Defendants denied all liability (the "Complaint").

D. WHEREAS, on July 18, 2017, the Civil Action was timely removed to the United States District Court, Eastern District of North Carolina, Western Division, which action bears File No. 5:17-CV-00357.

E. WHEREAS, on December 10, 2018 a Judgment and Order were entered by the District Court Judge in favor of Plaintiff in the Civil Action and said Judgment and Order were subsequently amended by the District Court Judge on January 3, 2019 (the Order and Judgment and subsequent amendments thereto are referred to collectively herein as the "Order and Judgment").

F. WHEREAS, on January 9, 2019 Defendants filed a Notice of Appeal of the Order and Judgment. Defendants' appeal of the Order and Judgment was docketed in the United States Court of Appeals for the Fourth Circuit on January 11, 2019 (hereinafter, the "Appeal"). Defendants/Appellants contend in the Appeal that the Order and Judgment should be reversed, and Plaintiff/Appellee contends in the Appeal that the Order and Judgment should be affirmed. As embodied in this Settlement Agreement, Plaintiff and Defendants have reached a settlement of the disputes in this matter prior to a decision by the Fourth Circuit.

G. WHEREAS, Insurers are liability insurers of the Defendants, and as such, would be obligated to pay any settlement made by or judgment obtained against Defendants that is covered by the liability insurance.

H. WHEREAS, pursuant to N. C. Gen. Stat. §97-10.2(d) and §28A-13-2 and 28A-13-3(15), Plaintiff has the exclusive right to make settlement with, release, remise, and fully acquit and discharge Defendants and Insurers.

I. WHEREAS, Plaintiff and Case Farms have reached an agreement among themselves that Case Farms will be paid a portion of the settlement proceeds set forth in this Settlement Agreement in satisfaction of its workers compensation lien pursuant to N.C. Gen. Stat. §97-10.2. The terms of Plaintiff's settlement with Case Farms are more particularly described in that certain Stipulation of Case Farms as to Lien Amount dated September 25, 2019 attached hereto as Exhibit A.

J. WHEREAS, Plaintiff and Claimants, on the one hand, and Insurers (on behalf of themselves and Defendants), on the other hand, desire to enter into this Settlement Agreement in order to fully resolve the disputes in this matter and provide for certain payments in full settlement of any and all claims which are, or might have been, the subject matter of the Civil Action, upon the terms and conditions set forth below.

**AGREEMENT**

The Parties agree as follows:

1.0 Release and Discharge

DocuSign Envelope ID: 68E322A2-FBFA-4F04-A599-1C8FA1FF4028

x

1.1 In consideration of the payments set forth in Section 2, Plaintiff and Claimants hereby completely release, remise, and forever acquit and discharge Defendants and Insurers (collectively, the "Released Parties") from any and all past, present and future claims, demands, obligations, actions, causes of action, suits, debts, wrongful death claims, rights, damages (compensatory, punitive, or otherwise), costs, losses of services, sums of money, judgments, attorney's fees, expenses and compensation of any nature whatsoever, whether based on a tort, contract or any other theory of recovery, which the Plaintiff or Claimants now have, or which may hereafter accrue or may otherwise be acquired, on account of, or may in any way grow out of, or which are the subject of the Accident, the Civil Action, the Complaint and the alleged acts or omissions of the Defendants therein, or the Order and Judgment.

1.2 This release and discharge shall also apply to Defendants' and Insurers' past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, partners, insurers, reinsurers, predecessors and successors in interest and assigns and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated.

1.3 This release, on the part of the Plaintiff and Claimants, shall be a fully binding and complete settlement among the Plaintiff, Claimants, and Released Parties, and their heirs, assigns and successors and shall be final, irrevocable and absolute.

1.4 The Plaintiff and Claimants acknowledge and agree that the release and discharge set forth above is a general release. Plaintiff and Claimants expressly waive and assume the risk of any and all claims for damages which exist as of this date, but of which the Plaintiff and Claimants do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Plaintiff's and Claimants' decision to enter into this Settlement Agreement. The Plaintiff and Claimants further agree that Plaintiff and Claimants have accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. Plaintiff and Claimants assume the risk that the facts or law may be other than Plaintiff and Claimants believe. It is understood and agreed to by the Parties that this settlement is a compromise of doubtful and disputed claims, and the payments are not to be construed as an admission of liability on the part of the Defendants, by whom liability is expressly denied.

2.0 **Payments**

In consideration of the release set forth above, the Insurers on behalf of the Defendants agree to pay to the individual(s) named below (the "Payee(s)") the sums outlined in this section 2 below:

2.1 Payments due at the time of settlement as follows:

Total Settlement is $1,425,000.00. Of that amount, Lexington Insurance Company will pay Four Hundred Twenty-Five Thousand Dollars ($425,000.00) and Protective Insurance Company shall pay One Million Dollars ("$1,000,000.00).

Cash at settlement in the amount of Eight Hundred Sixteen Thousand Four Hundred Four Dollars and 28/100 ($816,404.28), to be paid by Protective Insurance Company within 10 days of Court approval of the settlement, jointly payable to Wendy G. Carroll, Administrator of the Estate of Thomas Anthony Carroll, Deceased and Guy W. Crabtree of Crabtree, Carpenter, PLLC, one of Plaintiff's Attorneys.

The total cost of the annuity is Six Hundred Eight Thousand Five Hundred Ninety-Five Dollars and 72/100 ($608,595.72). Of that amount, Lexington Insurance Company as Assignor will pay $425,000.00 and Protective Insurance Company as Assignor will pay $183,595.72 to Pacific Life & Annuity Services, Inc. ("Assignee"), to fund the liability of making the future Periodic Payments in Section 2.2 ("Periodic Payments") through the purchase of an annuity policy from Pacific Life Insurance Company ("Annuity Issuer").

2.2 Periodic payments payable to S▆▆▆ C▆▆▆▆(Payee) made according to the schedule as follows (the "Periodic Payments"):

$500.00 payable monthly, guaranteed for 5 years, beginning on 06/27/2021, with the last guaranteed payment on 05/27/2026,

$700.00 payable monthly, guaranteed for 10 years, beginning on 06/27/2026, with the last guaranteed payment on 05/27/2036,

$15,000.00 paid as a lump sum on 06/27/2025 guaranteed,
$18,000.00 paid as a lump sum on 06/27/2028 guaranteed,
$23,000.00 paid as a lump sum on 06/27/2033 guaranteed, and
$31,781.14 paid as a lump sum on 06/27/2038 guaranteed.

Periodic payments payable to **Rebekah Carroll** (Payee) made according to the schedule as follows (the "Periodic Payments"):

$500.00 payable monthly, guaranteed for 5 years, beginning on 02/01/2020, with the last guaranteed payment on 01/01/2025,

DocuSign Envelope ID: 68E322A2-FBFA-4F04-A599-1C8FA1FF4028

x
        $600.00 payable monthly, guaranteed for 10 years, beginning on 02/01/2025, with the last guaranteed payment on 01/01/2035,

        $13,000.00 paid as a lump sum on 05/28/2022 guaranteed,
        $16,000.00 paid as a lump sum on 05/28/2024 guaranteed,
        $22,000.00 paid as a lump sum on 05/28/2029 guaranteed, and
        $27,201.61 paid as a lump sum on 05/28/2034 guaranteed.

        Periodic payments payable to **Hannah Carroll** (Payee) made according to the schedule as follows (the "Periodic Payments"):

        $500.00 payable monthly, guaranteed for 5 years, beginning on 02/01/2020, with the last guaranteed payment on 01/01/2025,

        $600.00 payable monthly, guaranteed for 10 years, beginning on 02/01/2025, with the last guaranteed payment on 01/01/2035,

        $10,000.00 paid as a lump sum on 03/06/2023 guaranteed,
        $17,000.00 paid as a lump sum on 03/06/2026 guaranteed,
        $24,000.00 paid as a lump sum on 03/06/2031 guaranteed, and
        $32,821.27 paid as a lump sum on 03/06/2036 guaranteed.

        Periodic payments payable to **Seth Carroll** (Payee) made according to the schedule as follows (the "Periodic Payments"):

        $22,000.00 paid as a lump sum on 01/30/2021 guaranteed,
        $27,000.00 paid as a lump sum on 01/30/2024 guaranteed,
        $30,000.00 paid as a lump sum on 01/30/2027 guaranteed,
        $33,000.00 paid as a lump sum on 01/30/2030 guaranteed,
        $35,000.00 paid as a lump sum on 01/30/2033 guaranteed, and
        $39,664.93 paid as a lump sum on 01/30/2036 guaranteed.

        All sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of Section 104 (a) (2) of the Internal Revenue Code of 1986, as amended, and no portion of the settlement proceeds represents exemplary or punitive damages, or pre-judgment or post judgment interest, but such claims are being released.

### 3.0   Plaintiff's and Claimants' Rights of Payments

Plaintiff and Claimants acknowledge that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiff or any Payee; nor shall the Plaintiff or Payee(s) have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

NPGBOI:3066042.1

Case 5:17-cv-00357-BR   Document 87   Filed 12/02/19   Page 6 of 11

### 4.0 Payees' Beneficiaries

Any payments to be made after the death of any Payee(s) pursuant to the terms of this Settlement Agreement shall be made to such person or entity as shall be designated in writing by Payee to the Insurers' Assignee. If no person or entity is so designated by Payee, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Insurers' Assignee. The Designation must be in a form acceptable to and received by the Insurers' Assignee before such payments are made, but in no event shall the request of the Payee be unreasonably withheld or denied. Payee shall have the right to name and change beneficiaries without the consent of Insurers' Assignee.

### 5.0 Consent to Qualified Assignment

X

    5.1    Plaintiff and Claimants acknowledge and agree that the Defendants and/or Insurers may make a "qualified assignment", within the meaning of Section 130 (c) of the Internal Revenue Code of 1986, as amended, of the Defendants' and/or Insurers' liability to make the Periodic Payments set forth in Section 2.2 to Pacific Life & Annuity Services, Inc. ("Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Defendants and/or Insurers (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

    5.2    Any such assignment, if made, shall be accepted by the Plaintiff and Claimants without right of rejection and shall completely release, remise, and fully acquit and discharge the Defendants and the Insurers from the Periodic Payments obligation assigned to the Assignee. The Plaintiff and Claimants recognize that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendants and the Insurers shall thereupon become final, irrevocable and absolute.

### 6.0 Right to Purchase an Annuity

The Defendants and/or the Insurers, themselves or through the Assignee, reserve the right to fund the liability to make the Periodic Payments outlined in Section 2.2 through the purchase of an annuity policy from Pacific Life Insurance Company or its affiliate ("Annuity Issuer"). The Insurers' Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. Plaintiff and Claimants shall have no legal interest, vested or contingent, in the said annuity policy. Plaintiff and Claimants shall be provided a copy of such annuity policy. The Insurers' Assignee may have the Annuity Issuer mail payments directly to the Payee(s) or deliver payments by electronic funds transfer. The Payee shall be responsible for providing and maintaining a current mailing address for

the Payee(s) with the Annuity Issuer. The Payee shall have the right to change the address for delivery of the funds without the consent of Annuity Issuer so long as any such change shall be in writing on a form acceptable to Annuity Issuer and delivered to Annuity Issuer in sufficient time for Annuity Issuer to make the change.

## 7.0 Discharge of Obligation

The obligation of Insurers' Assignee and/or the Annuity Issuer to make each Periodic Payment shall be discharged upon the mailing of a valid check or upon electronic funds transfer in the amount of such payment on or before the due date to the last address or designated account on record for the Payee(s) or Beneficiary with the Annuity Issuer. If the Payee(s) or Beneficiary notifies the Assignee that any check or electronic funds transfer was not received, then the Assignee shall direct the Annuity Issuer to initiate a stop payment action and, upon confirmation that such check was not previously negotiated or electronic funds transfer deposited, shall have the Annuity Issuer process a replacement payment.

## 8.0 Delivery of Dismissal with Prejudice

Concurrently with the execution of this Settlement Agreement and after Court approval of the settlement, counsel for the Plaintiff shall deliver to counsel for the Defendants an executed Rule 41(a)(1)(A)(ii) Stipulation of Dismissal with Prejudice of the Complaint and Civil Action. Plaintiff hereby authorizes counsel for the Defendants to file said Dismissal with the Court and enter it as a matter of record.

## 9.0 Representation of Comprehension of Document

In entering into this Settlement Agreement, the Plaintiff and Claimants represent that they have relied upon the advice of their attorneys, who are the attorneys of their own choice, concerning the legal and income tax consequences of this Settlement Agreement; that the terms of this Settlement Agreement have been completely read and explained to them by their attorneys; and the terms of the Settlement Agreement are fully understood and voluntarily accepted by them. Plaintiff and Claimants agree that they have executed this Settlement Agreement based on their own knowledge and their own investigation of the facts, and that this Settlement Agreement is not executed in reliance upon any statement of any person connected with, representing or represented by any of the persons or entities hereby released. Plaintiff and Claimants have each had the opportunity to participate in the drafting of this Settlement Agreement, which is the result of negotiations among the Plaintiff, Claimants, and Released Parties. It is, therefore, specifically agreed that, in the event of any dispute with respect to the proper interpretation of any term of this Settlement Agreement, no one party shall be deemed to be the drafter.

## 10.0 Warranty of Capacity to Execute Agreement

DocuSign Envelope ID: 68E322A2-FBFA-4F04-A599-1C8FA1FF4028

Plaintiff represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein; that Plaintiff has the sole right and exclusive authority to execute this Settlement Agreement on behalf of the Estate of Thomas Anthony Carroll and receive the sums specified in the Settlement Agreement and agree to the future Periodic Payments to the Claimants; and that Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement.

## 11.0 Attorney's Fees

Plaintiff, Claimants, and Released Parties shall bear their own respective attorneys' fees and costs arising from the actions of their own counsel in connection with the Accident, Civil Action, Complaint, this Settlement Agreement and the matters and documents referred to herein, and all related matters.

## 12.0 Governing Law

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of North Carolina.

## 13.0 Additional Documents

All Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions, which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

## 14.0 Entire Agreement and Successors in Interest

This Settlement Agreement contains the entire agreement between the Plaintiff, Claimants and Released Parties with regard to the matters set forth in it and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each. The Settlement Agreement shall not be modified or amended except by an instrument in writing signed by the Parties.

## 15.0 Invalid Provisions

If, after the date hereof, any provision of this Settlement Agreement is held to be illegal, invalid, or unenforceable under the present or future laws effective during the term of this Settlement Agreement, such provision shall be fully severable. In lieu thereof, there shall be added a provision as similar in terms to such illegal, invalid, or unenforceable provision as may be possible and legal, valid, and enforceable.

## 16.0 Effectiveness

This Settlement Agreement shall become effective immediately following (a) execution by each of the Parties and (b) the Court's approval upon entry of a Court Order Approving the Settlement. The Settlement Agreement may be executed simultaneously in one or more counterparts and may be executed by facsimile. Each such counterpart shall be deemed to be an original instrument, but all such counterparts together shall constitute one and the same instrument.

Plaintiff: Wendy G. Carroll,
Administrator of the Estate of Thomas
Anthony Carroll, Deceased

By: *Wendy S Carroll*
Date: 11-14-19

Plaintiff: Wendy G. Carroll,
As Mother and Guardian ad Litem for
S█ C█

By: *Wendy S Carroll*
Date: 11/15/19

Rebekah Carroll
By: *Rebekah Carroll*
Date: 11-14-19

Hannah Carroll
By: *Hannah Carroll*
Date: 11-14-19

Seth Carroll
By: *[signature]*
Date: [illegible]

Page 9

NPGB01:3066042.1

DocuSign Envelope ID: 68E322A2-FBFA-4F04-A599-1C8FA1FF4028

Insurer: Lexington Insurance Company

By: _Kathy A. Martin_ (DocuSigned, B9CCC117DF9744E)

Title: Authorized Representative

Date: 11/27/2019

Insurer: Protective Insurance Company

By: _[signature]_

Title: _Excess Adjuster_

Date: _11-13-19_