UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-00357-BR

WENDY G. CARROLL, ADMINISTRATOR
OF THE ESTATE OF THOMAS ANTHONY
CARROLL, DECEASED,

    Plaintiff,

v.

OAKLEY TRUCKING, INC., AND THAD
AUSTIN PITTMAN,

    Defendants.

ORDER

This matter is before the court on plaintiff's motion to approve the settlement of this wrongful death action brought as the result of the death of Thomas Anthony Carroll ("Carroll"). (DE # 84.) The court held a hearing on 3 December 2019 to determine the fairness, reasonableness, and adequacy of the settlement agreement and accompanying attorneys' fees. Defendants consent to the settlement agreement. (See DE # 87.) All parties consent to the entry of this order. (See DE # 86.)

**I. Background**

1. This case arises out of a motor vehicle accident which occurred on 4 May 2016 at Case Farms Feed Mill ("Case Farms") in Mount Olive, North Carolina, where Carroll, deceased, was an employee and where defendant Thad Pittman had delivered a load of salt that day. As the two men were leaving Case Farms, defendant Pittman's tractor-trailer collided with Carroll's motorcycle and resulted in Carroll's death.

2. Carroll left four children as his heirs. At the time of his death, three of his children were minors. Only one child, S.C., is now a minor.

3. Wendy G. Carroll, as Administrator of Carroll's Estate, instituted this action to recover damages for the wrongful death of Carroll.

4. All parties to this action are properly represented and before the court. No questions exist as to the misjoinder or nonjoinder of parties. This court has jurisdiction over the subject matter of the action as well as the parties.

5. Wendy G. Carroll, mother of the minor, was appointed by this court as Guardian Ad Litem for the minor child. (DE # 83.)

6. After a three-day bench trial in November 2018, this court entered judgment awarding plaintiff $1,551,767 plus prejudgment interest of 8%, for a total amount of $1,774,293.25, including recoverable costs. (See DE # 61.)

7. Defendants appealed the verdict and judgment. (DE # 62.)

8. After both parties briefed the case on appeal, the parties reached a settlement agreement in the amount of $1,425,000. The specific terms of this agreement are set forth in the Settlement Agreement and Release, (DE # 87), and incorporated herein by reference.

9. This matter is now before the court for approval pursuant to Local Civil Rule 17.1 and N.C. Gen. Stat. § 28A-13-3(a)(23).

10. Plaintiff retained Leonard Jernigan and Kristina Thompson of The Jernigan Law Firm and Guy W. Crabtree of Crabtree Carpenter, PLLC (collectively "attorneys") to represent the Estate in this action.

11. Attorneys represented the Estate on a contingent fee basis, plus litigation-related costs. A copy of that fee agreement is attached to plaintiff's motion. (DE # 84-5.)

12. The fee agreement provides, in part, that the contingent attorney fee charged for attorneys' representation of the Estate would be as follows:

2

> A fee equal to 25% of the gross recovery (including costs and liens) received if the case is settled within 120 days of the date of this agreement [which was September 8, 2016]; or
>
> A fee of 33.33% of the gross recovery (including costs and liens) if the case is settled thereafter and no later than one week after the mediated settlement conference; or
>
> A fee of 40% of the gross recovery (including costs and liens) if the case is resolved by settlement or verdict at any time thereafter; or
>
> A fee equal to 45% of the gross recovery (including costs and liens) if an appeal is taken from the lower court by any party, or if any legal action after judgment has to be brought to collect the judgment or any portion thereof, or a second trial is necessary.

13. Attorneys have advanced litigation-related costs of $105,154.28 in this matter.

14. To aid in the prosecution of the case, attorneys retained the accident reconstruction firm Accident Research Specialist Cary, N.C., to assist in the investigation of the collision, consult with attorneys, prepare computer simulations and exhibits, and offer expert testimony concerning the accident at both deposition and trial.

15. A breakdown of the costs advanced in this matter by Crabtree Carpenter, PLLC and those advanced by The Jernigan Law Firm are attached to plaintiff's motion. (DE ## 84-3, 84-4.)

16. The litigation expenses were reasonable and necessary for the proper prosecution of this matter.

17. Attorneys submitted affidavits addressing, among other things, their efforts on behalf of plaintiff in this matter and the unique difficulties the case presented.

18. Carroll's heirs, who are entitled under North Carolina law to share in the proceeds of the wrongful death recovery, are:

Seth Carroll, age: 21; Rebekah Carroll, age: 20; Hannah Carroll, age: 18; and S.C., DOB:

June **, 2003, age: 16.

19. Shortly before Carroll's death, he and Wendy Carroll entered into a Separation Agreement and Property Settlement wherein Wendy Carroll waived her right to share in his estate. Consequently, Wendy Carroll is not an heir for purposes of distribution of the wrongful death proceeds and is not seeking any recovery from those proceeds.

20. Each of the adult heirs as well as their mother, Wendy Carroll, both individually and as Guardian Ad Litem of the minor heir, have signed a statement indicating they are satisfied with the representation of their attorneys and "very pleased" with the results obtained. (DE # 84-8, at 3-4.) The individuals request that this court approve the disbursement of the settlement proceeds as requested in plaintiff's motion. (Id. at 3.)

21. The "court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected." Pellegrin v. Nat'l Union Fire Ins., 605 F.3d 238, 243 (4th Cir. 2010). Thus, the court provides "an opinion as to the fairness and reasonableness of the settlement" when minors are involved. Local Civil Rule R. 17.1.

22. Integral to the court's role in protecting minors is determining whether their attorney fee agreements are reasonable. Pellegrin, 605 F.3d at 243. Accordingly, the court must "approve or fix the amount of the fee to be paid to counsel for the minor or incompetent parties" and provide "a summary of services rendered by counsel for the minor or incompetent parties." Local Civil Rule 17.1.

23. Contingency fee agreements are evaluated under a reasonableness standard. Pellegrin, 605 F.3d at 245. The court's inquiry is guided by the following twelve factors:

> (1) the time and labor required in the case, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform

> the necessary legal services, (4) the preclusion of other employment by the lawyer due to acceptance of the case, (5) the customary fee for similar work, (6) the contingency of a fee, (7) the time pressures imposed in the case, (8) the award involved and the results obtained, (9) the experience, reputation, and ability of the lawyer, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship between the lawyer and the client, and (12) the fee awards made in similar cases.

In Re: Abrams & Abrams, 605 F.3d 238, 244 (2010) (quoting Allen v. U.S., 606 F.2d 432, 436 (4th Cir. 1979)).

24. Plaintiff's motion and the affidavits of attorneys address pertinent Allen factors as set out in In Re:Abrams. (See DE ## 84-6, 84-7.)

25. The contingency fee charged in this case allowed plaintiff to retain experienced legal counsel that she would not otherwise have had the means to retain. (DE # 84-8.)

26. The contingency fee agreement and the costs advanced transferred "a significant portion of the risk of loss to the attorneys taking [the] case." In Re: Abrams, 605 F.3d at 246.

27. As stated in the affidavits, attorneys were confronted with numerous issues that they had to overcome in order to successfully represent plaintiff, not the least of which was the investigating officers' finding that Carroll was entirely responsible for the accident. (See DE ## 84-6, 84-7, 84-9, 84-10.)

28. "The most critical factor in determining the reasonableness of a fee award is the degree of success obtained." In re; Abrams, 605 F.3d at 247 (citation omitted). Attorneys were successful in the result obtained and the recovery is substantial.

29. The contingency fee agreement provides for a fee of 45% of the gross recovery because the case settled after the parties had fully briefed the issue on appeal. However, attorneys agreed to modify their fee agreement and reduce their requested fee by $50,000.00. Therefore, attorneys now seek a fee of $591,250.00.

30. In support of the settlement and fee agreement, attorneys submitted affidavits from Guy Crabtree, (DE # 84-6), Leonard Jernigan, (DE # 84-7), David F. Kirby, (DE # 84-9), and William Mills, (DE # 84-10), all of whom are experienced North Carolina attorneys, with an emphasis on litigation. The affidavits all swear that the fee requested by attorneys in this matter is customary in these types of cases and is fair and reasonable given the totality of the circumstances.

31. Since the accident in which Carroll was killed was determined to have arisen out of the course and scope of his employment with Case Farms, under the North Carolina Workers' Compensation Law, benefits have been, and will continue to be, paid by Case Farms, his employer, to the Carroll children.

32. As a result of the payment of these benefits, there is a workers' compensation lien against the settlement proceeds. Case Farms has agreed to accept $80,000.00 in full and complete satisfaction of its lien for payments of benefits, both past and future, to the Carroll children. (DE # 84-11.) That stipulation is incorporated herein by reference.

33. Pursuant to the settlement agreement, defendants have agreed to use $608,595.72 of the total agreed settlement amount to fund the purchase of structured settlements as follows:

> For Seth Carroll, funded with $150,898.933;
>
> For Rebekah Carroll, funded with $150,898.93;
>
> For Hannah Carroll, funded with $150,898.93; and
>
> For S.C., funded with $155,898.93.

34. From the structured settlements each of the Carroll children and their heirs over time will receive the following guaranteed amounts:

> Seth Carroll                   $186,665.00

| | |
|---|---|
| Rebekah Carroll | $180,202.00 |
| Hannah Carroll | $185,821.00 |
| S.C. | $201,781.00 |

35. Pursuant to the terms of the annuity, the minor's structured settlement, funded with $155,898.93, will be payable as follows:

> $500.00 payable monthly, guaranteed for 5 years, beginning on 06/27/2021, with the last guaranteed payment on 05/27/2026.
>
> $700.00 Payable monthly, guaranteed for 10 years, beginning on 06/27/2026, with the last guaranteed payment on 05/27/2036.
>
> $15,000.00 Guaranteed lump sum payable on 06/27/2025.
>
> $18,000.00 Guaranteed lump sum payable on 06/27/2028.
>
> $23,000.00 Guaranteed lump sum payable on 06/27/2033.
>
> $31,781.14 Guaranteed lump sum payable on 06/27/2038.

All sums set forth herein constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

36. In addition to the funds that each of the Carroll Children will receive from the structured settlements, the following lump sum payments will be made to each at the time of the disbursement of the net settlement proceeds:

| | |
|---|---|
| Seth Carroll | $10,000.00 |
| Rebekah Carroll | $10,000.00 |
| Hannah Carroll | $10,000.00 |
| S.C. | $ 5,000.00 (to be held by the Clerk) |

37. The minor's share of the total recovery in this case is fair, reasonable, and in the best

interest of the minor.

38. Documentation showing the details of the structured settlements, including the cost of each and the payout to each of the Carroll children, as well as information on Pacific Life, the insurance company from which the annuities are being purchased, are attached to plaintiff's motion and are incorporated herein by reference. (DE # 84-12.)

39. The purchase of the annuities for the Carroll children is appropriate and Pacific Life is a highly rated insurance company and an appropriate company from which to purchase the annuities.

40. Plaintiff retained Attorney Mark J. Hale, Jr. of Baddour, Parker, Hine & Hale, PC, Goldsboro, N.C. to open the Estate of Anthony Carroll in Wayne County, N.C. (No. 16-E-426) in order to prosecute this wrongful death action and to then close out the Estate when this matter is resolved. Attorney Hale has not yet billed for his services but will do so when he closes out the Estate and files a final accounting.

41. Plaintiff requests to reserve $5,000.00 from the settlement proceeds, which she believes would be adequate to pay Attorney Hale and to pay any incidental costs presently unknown that may arise between now and when this matter is finally resolved.

42. It is appropriate to reserve $5,000.00 for the purposes requested by plaintiff. Any money that may remain from these retained funds, after those costs are paid, should be distributed by plaintiff to the heirs in accordance with North Carolina law.

43. Plaintiff requests that any net funds remaining to be paid on behalf of the minor child, S.C., be paid into the Clerk of Court's Office and be held there at interest until S.C. reaches her majority or the funds are otherwise released. This request is proper.

44. The settlement of this case for the terms described herein and more fully explained in the

agreement is fair, reasonable and warranted given the totality of the circumstances.

45. The attorney fee requested in this case is fair and reasonable given the totality of the circumstances.

46. The litigation costs incurred on behalf of plaintiff in this case were reasonable and necessary to the successful prosecution of this matter.

47. The disbursement of the settlement funds as requested in plaintiff's motion is fair and reasonable.

48. The parties have agreed to the filing of a Rule 41(a)(1)(A)(ii) Stipulation of Dismissal with Prejudice of the Complaint and Civil Action upon court approval of this settlement. Such Stipulation shall have the effect of rendering the Judgment and Amended Judgment null and void.

Based upon the foregoing findings of fact and conclusions of law, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The settlement of this matter for the terms stated in the settlement agreement executed by the parties and as set forth in this order is hereby APPROVED.

2. The settlement funds shall be distributed as follows:

| | | |
|---|---:|---:|
| Total Amount of Settlement | | $1,425,000.00 |
| Less Disbursements | | |
|    Seth Carroll | | |
|       Structured Settlement Funding | 150,898.93 | |
|       Cash to Seth Carroll | <u>10,000.00</u> | |
|       Subtotal | | (160,898.93) |
|    Rebekah Carroll | | |
|       Structured Settlement Funding | 150,898.93 | |
|       Cash to Rebekah Carroll | <u>10,000.00</u> | |
|       Subtotal | | (160,898.93) |
|    Hannah Carroll | | |

|  |  |  |
|---|---:|---:|
| Structured Settlement Funding | 150,898.93 | |
| Cash to Hannah Carroll | 10,000.00 | |
| Subtotal | | (160,898.93) |

S\*\*\*\* C\*\*\*\*\*

|  |  |  |
|---|---:|---:|
| Structured Settlement Funding | $155,898.93 | |
| To be held by Clerk at interest until majority | 5,000.00 | |
| Subtotal | | (160,898.93) |
| | | |
| Workers' Compensation Lien | | (80,000.00) |
| Attorneys' Fee – Jernigan and Crabtree | | (591,250.00) |
| Litigation Costs – | | |
|     Jernigan Law Firm | | (30,991.25) |
|     Crabtree Carpenter | | (74,163.03) |
| Funds Held in Trust to pay attorney fees for estate closure and additional incidental costs unknown at this time (balance remaining to be paid to Estate for equal disbursement to heirs) | | (5,000.00) |
| Balance Remaining | | -0- |

3. The balance of any funds paid to or on behalf of the minor child, S.C., that are not used to fund a structured settlement are to be placed in the Clerk's Registry at interest and held there until S.C. reaches the age of 18 years, at which time the funds will be paid to her.

4. The parties shall file a Rule 41(a)(1)(A)(ii) Stipulation of Dismissal with Prejudice of the Complaint and Civil Action. Such Stipulation renders the Judgment and Amended Judgment null and void.

This 13 December 2019.

                                              W. Earl Britt
                                              Senior U.S. District Judge